The plaintiff is entitled to judgment, but leave is granted the defendant to amend on payment of the costs of the demurrer.

---

## KELLY'S APPLICATION.

*New York Common Pleas ; Special Term, April,* 1860.

PROCEEDINGS TO ENFORCE PAYMENT OF TAX.

Of the requisites of the petition for enforcement of payment of personal tax under the act of 1843 (*Laws of* 1843, ch. 230, Art. II., § 12; same statute, 1 *Rev. Stat.,* 5th ed., 965, *§ 63), and the time within which such proceedings may be commenced.

An application, which may be the foundation of an arrest, should be verified. .

Application to enforce payment of personal tax.

BRADY, J.—I. The receiver of taxes has no authority to collect taxes until the assessment-roll, with the warrant annexed, provided for by the statute (1 *Rev. Stat.,* 5th ed., 692, § 43), is delivered to him. There is no statement in the application made herein that the receiver possessed such roll and warrant. It is alleged that Schuyler was duly assessed, and that such assessment was duly confirmed, according to the statute in such case made and provided. This may be, and yet the assessment-roll and warrant might not have been delivered. I admit that such an omission is a mere possibility, but we are dealing with a penal statute relating to the collection of taxes, and nothing can be assumed.

II. The application to enforce the payment of a tax should be made within one year after the 15th of January succeeding the year for which the tax is imposed, if the application be predicated of the *neglect* of the party taxed to pay, inasmuch as the receiver, until the 15th January, has no power to issue a warrant; and inasmuch as the person taxed having until that day to pay, before compulsory process can be issued against him, cannot be considered as neglecting to pay until that day. If the application, however, be based upon the refusal to pay, then the application may be made within a year after such refusal. (See 1 *Rev. Stat.*, 5th ed., 964, 965, §§ 50, 53.)

III. I think the receiver of taxes is not called upon to state upon what facts and circumstances he has reason to believe that the person taxed has debts, &c., under the provisions of § 53, *supra.* It is enough that he states that he has reason to believe. The statute vests in him the discretion to apply for the enforcement of the tax, and when the application is made, if the reason be unfounded, the person proceeded against can show it. The allegation on the language of the statute is sufficient to put him to his proof.

IV. The allegation that Schuyler was assessed in the city of New York, where he resided when the assessment was made, is a sufficient statement of the fact that the assessment was made in that city, although inferentially made. The statute provides that every person shall be assessed in the town or ward where he resides, when the assessment is made for all the personal estate owned by him ; and if he reside in two or more towns, his residence shall be deemed and held to be in the county in which his principal business is transacted. (1 *Rev. Stat.*, 5th ed., 908.)

The allegation, therefore, that the assessment was made where Schuyler resided when made, is sufficient to show that it was assessed in New York.

V. The application by James Kelly, receiver of taxes in the city of New York, is a sufficient description of his office for the purposes of this application, doubtless, but it would be better to state fully the appointment under which he claims to act.

These embrace all the objections presented for consideration ; and, as I am of the opinion that the application should be dismissed, because of the omission to state that the assessment-rolls and warrant annexed were delivered to the receiver, what is

VOL. X.—14

said in addition is by way of suggestion, in the hope that myself and associates may be relieved from considering, on each application, objections that may be obviated by a more elaborate statement of the facts necessary to confer upon the court the power to act.

I think the petition should show:

I. That James Kelly was duly appointed Receiver of Taxes in the city of New York.

II. That a tax was levied upon personal property in the city of New York, for the year named, according to the statute in such case made and provided.

III. That the person proceeded against resided in that city, and was assessed as a resident thereof.

IV. That the assessment having been confirmed according to the statute in such case made and provided, the assessment-roll was delivered to the receiver of taxes, with the warrant attached, according to the statute in such case made and provided.

V. That the person taxed having failed to pay the tax imposed, a warrant was issued upon, or subsequent to, the 15th January following the year for which the tax was imposed; or,

VI. That a demand was made after the 15th January, either by the person having the warrant or some person authorized thereto; and,

VII. That the receiver makes the application, and has reason to believe that the person proceeded against has debts, &c.

These facts should be stated absolutely, and not inferentially, and the application should be verified by the receiver to prevent doubt upon the subject. Applications to courts for process of imprisonment are generally, if not universally, on affidavit, and there is nothing in the statute excepting this proceeding from the general rule.

The present application, for the reason assigned, will be dismissed, without costs, and without prejudice to the right to renew.